UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO CORNEJO and FRANCISCA AVALOS, husband and wife,<br><br>             Plaintiffs,<br><br>       v.<br><br>CHANNEL LENDING CO.; DANIEL SHAFFER and JANE DOE SHAFFER, husband and wife and the marital community composed thereof; NATIONSCREDIT FINANCIAL SERVICES CORPORATION, a foreign corporation; and FAIRBANKS CAPITAL CORPORATION, a foreign corporation,<br><br>             Defendants. | CASE NO. C03-3181C<br><br>ORDER |

This matter comes before the Court on Defendant North American Specialty Insurance Company's Motion for Reconsideration (Dkt. No. 96). Defendant seeks reconsideration of the Court's March 11, 2005 Order Denying Defendant's Motion for Summary Judgment ("March Order") and dismissal of the action. The Court has carefully considered the papers submitted by the parties and has determined that oral argument is unnecessary. For the following reasons, the Court hereby DENIES Defendant's motion.

Local Rule CR 7(h)(1) provides: "Motions for reconsideration are disfavored. The court will

ORDER – 1

ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." In the March Order, the Court found that, because either Channel or Defendant, or both, misled Plaintiffs with respect to the existence of a surety bond, equitable tolling of the statute of limitations was appropriate. Defendant argues that this finding is a manifest error for two reasons. First, the Court found Defendant did not have notice of the Complaint until August 2004. Thus, Defendant, as a party to the action, could not have misled Plaintiffs regarding the existence of the surety bond prior to that date. Second, even if Defendant had notice of the action before August 2004, Plaintiffs have provided no evidence that Defendant played a role in Channel's alleged misleading of Plaintiffs during discovery.

Equitable tolling may be appropriate when: (1) the defendant has actively misled the plaintiff with respect to the facts comprising the plaintiff's cause of action, (2) the plaintiff has been prevented from asserting his rights in some extraordinary way, or (3) the plaintiff has timely asserted his rights in the wrong forum. *See United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998). Plaintiffs have not provided evidence that Defendant either had notice of the action prior to August 2004 or actively misled them regarding the existence of the surety bond prior to that date. Thus, the Court's reliance on the first prong of the *Midgley* standard was misplaced. This error does not, however, rise to the level of manifest error. Channel's alleged actions of not disclosing the bond prevented Plaintiffs from asserting their rights against Defendant within the required statute of limitations period. The Court finds that these actions qualify as extraordinary circumstances and therefore support the Court's prior finding that the statute of limitations is equitably tolled. Accordingly, the Court hereby DENIES Defendant's Motion for Reconsideration.

The Court also DENIES Plaintiffs' motion for attorney's fees associated with Defendant's motion.

//

ORDER – 2

1   SO ORDERED this  8th  day of April, 2005.

_____
UNITED STATES DISTRICT JUDGE

26  ORDER – 3