UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIO CORNEJO and FRANCESCA AVALOS, husband and wife,

Plaintiffs,

v.

CHANNEL LENDING CO., et al.,

Defendants.

CASE NO. C03-3181C

ORDER

This matter comes before the Court on Plaintiffs' Motion to Enforce a Settlement Agreement (Dkt. No. 125). Having considered the papers submitted by all parties and finding oral argument unnecessary, the Court GRANTS Plaintiffs' motion for the following reasons.

**I.    Background.**

Plaintiffs' motion arises from a settlement agreement entered into by the parties following a one-day mediation on March 31, 2005. Plaintiffs assert that as part of that settlement, defendant Channel Lending Co. ("Channel") was required to execute a $29,000 promissory note to Plaintiffs secured by a deed of trust on property owned by co-defendant Daniel Shaffer. Plaintiffs further allege that Shaffer agreed to execute a confession of judgment in the amount of $29,000 (including 12% annual post-judgment interest) as security for the promissory note to be executed by Channel; Shaffer was further to

ORDER – 1

assign to Plaintiffs a $60,227 note owed to Shaffer by a non-party. Plaintiffs allege that neither Channel nor Shaffer has ever adhered to these promises despite Plaintiffs' repeated requests to do so.

Neither Channel nor Shaffer have opposed or even responded to Plaintiffs' motion,[1] except that Shaffer has notified the Court that he has petitioned for Chapter 7 liquidation in the Bankruptcy Court for the District of Alaska. In their reply, Plaintiffs have amended their motion to seek enforcement only against Channel, rather than Shaffer (who is, with a non-party, one of two partners in Channel). Specifically, Plaintiffs seek an order requiring Channel to pay the liquidated value of the settlement, totaling $89,227: $60,227 for the note owed to Shaffer, plus the $29,000 promissory note to be executed by Channel.

## II. Enforceability of Settlement Agreement.

Under Washington law (the state in which Channel operates and is registered as a partnership, and in which the parties signed the settlement agreement), a settlement agreement may be enforced as a contract so long as the settlement is signed by the party or the party's attorney. *See* WASH. REV. CODE § 2.44.010(1); *Morris v. Maks*, 850 P.2d 1357, 1359 (Wash. Ct. App. 1993) ("Settlement agreements are governed by general principles of contract law."); *see also Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987) ("It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it."). Courts may enforce such agreements when the parties or their attorneys have signed a written settlement and no party argues that the writing contains all material terms of the agreement, or that any subsequent writing contains different or additional terms. *See Morris*, 850 P.2d at 1359; *see also Stottlemyre v. Reed*, 665 P.2d 1383, 1385 (Wash. Ct. App. 1983) (even oral consent to terms of settlement may be enforced under Washington law). And when no party disputes the terms of the settlement, the district court need not hold an evidentiary hearing before enforcing the agreement. *Cf. Callie*, 829 F.2d at 890.

---

[1] Under Local Rule 7(b)(2), a party's failure to file an opposition to a motion "may be considered by the court as an admission that the motion has merit."

ORDER – 2

There is no dispute here that the settlement agreement signed by all parties immediately following the mediation contains all material terms of the parties' agreement and that the parties intended to be bound at the time. Neither Channel nor Shaffer have filed any opposition to Plaintiffs' motion, and thus do not challenge the enforceability of the handwritten agreement. Regardless, the writing satisfies the requirements of Washington law and thus, the Court may enforce the agreement against all signatories – subject to the exception described below.

### III. Enforcing the Settlement Agreement Against Shaffer.

Washington law provides that a partnership may be sued in its own name. *See* WASH. REV. CODE § 25.05.130(1). However, a judgment against the partnership "is not by itself a judgment against a partner. A judgment against a partnership may not be satisfied from a partner's assets unless there is also a judgment against the partner." *Id.* § 25.05.130(3). And although partners are traditionally jointly and severally liable for all obligations of the partnership, *see id.* § 25.05.125(1), a judgment creditor of the partnership may not execute against a partner's assets unless one of five requirements in section 25.05.130(4) are satisfied:

(a) A judgment based on the same claim has been obtained against the partnership and a writ of execution on the judgment has been returned unsatisfied in whole or part;

(b) The partnership is a debtor in bankruptcy;

(c) The partner has agreed that the creditor need not exhaust the partnership assets;

(d) A court grants permission to the judgment creditor to levy execution against the assets of a partner based on a finding that partnership assets subject to execution are clearly insufficient to satisfy the judgment, that exhaustion of partnership assets is excessively burdensome, or that the grant of permission is an appropriate exercise of the court's equitable powers; or

ORDER – 3

      (e) Liability is imposed on the partner by law or contract independent of the existence of the partnership.

Subdivisions (a), (b), and (c) clearly do not apply, and Plaintiffs do not contend under subsection (e) that any additional legal or contractual duties require that a judgment against Channel be satisfied from Shaffer, especially given his status as a Chapter 7 petitioner.

      Therefore, if any recourse is to be had against Shaffer, this leaves only subsection (d) available to Plaintiffs.  That subsection enables a judgment creditor to execute against a partners assets if the partnership's assets are insufficient or if such execution would be unduly burdensome, or simply if the court finds such an order to be an appropriate exercise of its equitable powers.  No Washington case has analyzed the reach of an order under section 25.05.130(4)(d), but in any case, the Court is disinclined to exercise its discretion to interfere with the automatic stay provided to bankruptcy petitioners under 11 U.S.C. § 362(a)(1).  That statute provides that upon the filing of a petition, an automatic stay issues against "the . . . continuation . . . of a judicial . . . proceeding against the debtor that was . . . commenced" before the filing of the bankruptcy petition.  The stay also applies to "the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement" of the bankruptcy case.  11 U.S.C. § 362(a)(1) & (2).  Thus, the statue precludes any satisfaction of a judgment against Channel from Shaffer's assets.  *See In re Spirtos*, 221 F.3d 1079, 1081 (9th Cir. 2000) ("So long as there are assets in the estate, then, the stay [under § 362] remains in effect, preventing [Plaintiff] from collecting her judgment by attaching those assets.'") (citing 3 COLLIER ON BANKRUPTCY § 362.06(1) (15th ed)).

**IV.     Enforcing the Settlement Against Channel.**

      Although Plaintiffs may not collect against Shaffer's assets, there is no legal barrier to enforcing the full value of the agreement against Channel.  When a partner's liabilities are incurred in furtherance of the partnership, those debts may be charged to that partnership.  *See* 59A AM. JUR. 2D PARTNERSHIPS § 429 (2005).  And in addition to the Court's general power to enforce the settlement agreement, the

ORDER – 4

1  Court may award damages for a party's breach of the agreement. *See TNT Mktg., Inc. v. Agresti*, 796
2  F.2d 276, 278 (9th Cir. 1986). Again, no party disputes that Shaffer's activities in this case were in
3  furtherance of the partnership. Moreover, under the terms of the settlement agreement, Plaintiffs are
4  entitled to attorneys fees incurred in enforcing the agreement. (Brown Decl., Ex. A, at 2.) Accordingly,
5  the Court finds that Plaintiffs are entitled to the full value of the settlement, plus appropriate attorneys
6  fees incurred in making this motion.

7  Accordingly, the Court hereby GRANTS Plaintiffs' motion to enforce the settlement agreement
8  against Defendant Channel Lending Co. Channel is hereby ORDERED to remit to Plaintiffs the amount
9  of $89,227.00 within 30 days of the date of this order. Any motion by Plaintiffs for reasonable attorneys
10 fees incurred in making this motion must be submitted within 10 days of the date of this order.

11 SO ORDERED this 27th day of September, 2005.

                                            /s/ John C. Coughenour
                            UNITED STATES DISTRICT JUDGE

26 ORDER – 5