UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIO CORNEJO and FRANCESCA AVALOS, husband and wife,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHANNEL LENDING CO., et al.,<br><br>    Defendants. | CASE NO. C03-3181C<br><br>ORDER |

This matter comes before the Court on the parties' competing motions to conclude or reopen this case: Plaintiffs' motion to enter judgment (Dkt. No. 145) and Defendant Daniel Shaffer's motion for relief from the Court's Order enforcing the parties' settlement agreement (Dkt. No. 152). Having carefully considered the memoranda, declarations, and exhibits submitted by the parties and deeming oral argument unnecessary, the Court finds and orders as follows.

I.    **BACKGROUND FACTS**

    A.    *Relevant Procedural History*

As set forth in the Court's earlier orders, this case arises out of Plaintiffs' allegations that the Defendants engaged in illegal lending practices under the Fair Housing Act and Truth in Lending Act, as well as violations of state mortgage-broker laws. The complaint named, among other defendants,

ORDER – 1

Channel Lending Company ("Channel"), which Plaintiffs alleged was owned and operated by co-defendant Daniel Shaffer. (Dkt. No. 1.) The dispute appeared resolved via a mediated settlement agreement under which Channel was required to execute a $29,000 promissory note to Plaintiffs secured by a deed of trust on property owned by co-defendant Daniel Shaffer. (*See* Dkt. No. 134 at 1–2.) Shaffer further agreed to execute a confession of judgment in the amount of $29,000 as security for the promissory note to be executed by Channel; Shaffer was further to assign to Plaintiffs a $60,227 note owed to Shaffer by his former spouse. (*Id.*) The handwritten settlement agreement was signed on each page by then-counsel for Channel and by Shaffer himself. (*Id.*)

Following unsuccessful efforts to collect these amounts, Plaintiffs sought an order enforcing the terms of the settlement agreement against Channel and Shaffer in July, 2005. (Dkt. No. 125.) After Shaffer—no longer represented by counsel—notified the Court that he had filed a voluntary petition for Chapter 7 liquidation in the District of Alaska, Plaintiffs redirected their motion and sought enforcement solely against Channel. (Dkt. No. 132.) In doing so, Plaintiffs alleged for the first time that Channel was a Washington partnership in which Shaffer and non-party Lorraine Wade were the sole partners. (*Id.* 2.) Shaffer made no representation at that time that Channel was other than Plaintiffs' represented it. Nor did he assert that Channel's assets were subject to the automatic stay against the continuation of a judicial proceeding against the debtor commenced before the filing of the bankruptcy petition. 11 U.S.C. § 362(a)(1). Relying on these representations, the Court entered an order enforcing the settlement solely against Channel as a partnership. That order concluded that Channel's assets were not part of the bankruptcy estate, and thus enforcing the settlement against Channel did not offend the bar on actions to enforce a judgment against "'the property of the estate.'" (Dkt. No. 134 at 4, quoting § 362(a)(1).) Channel was required to pay the full liquidated value of the settlement ($89,227.00) to Plaintiffs. (*Id.* at 5.) Plaintiffs later submitted a motion for fees and costs incurred in their enforcement efforts (as contemplated under the settlement agreement itself), and the Court awarded an additional $4,320.00.

ORDER – 2

(Dkt. No. 144.) The Court ordered Channel to remit the combined settlement and fee total of $93,547.00 no later than November 8, 2005. (*Id.*)

In response to the order enforcing the settlement agreement, Shaffer timely filed a motion for reconsideration. (Dkt. No. 140.) In that motion, Shaffer asserted that Channel was in fact not a partnership, but his sole proprietorship; as such, Shaffer alleged that Channel's remaining assets were part of the bankruptcy estate, and that Plaintiffs' efforts to enforce the settlement against those assets interfered with the bankruptcy court's administration of the estate. (*Id.* at 2.) Finding that Shaffer's failure to earlier alert the Court to these facts did not justify reconsideration, the Court denied his motion. (Dkt. No. 143.)

Receiving no payment from Channel, Plaintiffs turned their attention to Lorraine Wade. On December 1, 2005, Plaintiffs filed a motion to enter judgment on the settlement agreement against Wade, arguing that they had no other recourse with Shaffer in bankruptcy and Channel's assets apparently insufficient to collect against. (Dkt. No. 145.) Although Wade had never been named as a party nor served with the complaint, Plaintiffs argued that Washington law permitted them to collect the judgment against Channel's sole solvent partner. Wade entered a limited appearance to oppose Plaintiffs' motion, asserting that the judgment could not be enforced absent prior service of the complaint. (Dkt. No. 155.) Shaffer responded with his own motion for relief from the Court's orders enforcing the settlement and denying reconsideration. (Dkt. No. 152.)

B.   *Shaffer's Bankruptcy Case*

In June 2005, Shaffer filed a voluntary petition for Chapter 7 liquidation in the Bankruptcy Court for the District of Alaska. (*See* In re Shaffer, No. A05-00758-HAR, Dkt. No. 1.) Shaffer's petition listed "Channel Lending Co." under the heading of "Other Names Used by Debtor" and included in his schedule of personal property a checking account held by Channel. (*Id.* at 26; Suppl. Shaffer Affidavit, Ex. B at 1.) The parties disagree sharply whether and to what extent Plaintiffs received notice of Shaffer's petition, but in November 2005 Plaintiffs filed a timely claim for $93,547.00. (No. A05-00758-

ORDER – 3

HAR, Dkt. No. 37.) The Trustee recently filed a motion to settle Plaintiffs' claim at a reduced amount, and represented that Plaintiffs were willing to settle on the terms set forth in that motion. (*Id.* Dkt. No. 41.) Shaffer's bankruptcy counsel has also filed a motion to hold Plaintiffs and their counsel in contempt for continuing to pursue enforcement efforts in this Court in violation of the automatic stay. (*Id.* Dkt. No. 25.) The bankruptcy court has not yet ruled on either of these motions.

## II. ANALYSIS

The fundamental question presented by the pending motions in this case is whether there remains any action that this Court could take to resolve the dispute without impinging on the bankruptcy court's orderly administration of Shaffer's estate and the assets therein. As stated in the Order enforcing the parties' settlement agreement, "the Court is disinclined to exercise its discretion to interfere with the automatic stay provided to bankruptcy petitioners under 11 U.S.C. § 362(a)(1)." (Dkt. No. 134.)

The pending motions call on the Court to determine the same issues surrounding the proper allocation of Shaffer's and Channel's assets that will ultimately be resolved through the liquidation of the estate's non-exempt assets. Specifically, Plaintiffs' motion seeks an order concluding that because Channel is a partnership, its assets are not protected by the automatic stay; Shaffer's requested relief requires the opposite conclusion. But the proper forum for defining Channel's corporate structure and determining which assets and entities are part of the estate is the bankruptcy court: "The automatic stay under section 362 is designed to give the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations." *In re Pettit*, 217 F.3d 1072, 1077 (9th Cir. 2000). As the facts described above make clear, any further substantive orders by this Court to enforce the parties' settlement agreement will inevitably interfere with the orderly administration of Shaffer's bankruptcy estate. *See Pettit*, 217 F.3d at 1077 (automatic stay "sweeps broadly, enjoining the . . . enforcement of prior judgments").

Although the Court is sympathetic to Plaintiffs' desire to realize the fruits of their settlement agreement, the orderly administration of justice would best be served by awaiting a conclusion of the

ORDER – 4

bankruptcy case before proceeding further with this case. *See In re Conejo Enters.*, 96 F.3d 346, 352 (9th Cir. 1996) ("Bankruptcy is designed to provide an orderly liquidation procedure under which all creditors are treated equally.  A race of diligence by creditors for the debtor's assets prevents that."). So long as Plaintiffs' claim has been incorporated into the liquidation process and assets remain in the estate to satisfy that claim (in whole or part), the Court will allow that process to run its course. *See In re Spirtos*, 221 F.3d 1079, 1081 (9th Cir. 2000) ("So long as there are assets in the estate, then, the stay remains in effect, preventing [Plaintiff] from collecting her judgment by attaching those assets.'") (citing 3 COLLIER ON BANKRUPTCY § 362.06(1) (15th ed)).

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court hereby STRIKES Plaintiffs' motion to enter judgment and Defendant Shaffer's motion for relief from the Court's prior orders WITHOUT PREJUDICE.  The Court further ORDERS that this matter be STAYED in its entirety pending a final resolution of Plaintiffs' claims in the Bankruptcy Court for the District of Alaska, Case No. A05-00758-HAR.

At that time, any party to this case may file a motion to lift the stay and file any appropriate motions.  The Clerk is DIRECTED to send copies of this Order to all parties, counsel for Lorraine Wade, and the United States Trustee's Office for the District of Alaska.

SO ORDERED this 22nd day of February, 2006.

*[signature: John C. Coughenour]*

UNITED STATES DISTRICT JUDGE

ORDER – 5